UNITED STATES DISTRICT COURT
**EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

NICOLE SWANN

    Plaintiff,
vs.

Case No.: 2:12cv165

BARCLAY TOWERS II TIME SHARE
OWNERS ASSOCIATION, INC., a
Virginia Corporation

    Defendant.
_____/

FILED
MAR 28 2012
CLERK, US DISTRICT COURT
NORFOLK, VA

## COMPLAINT

Plaintiff, Nicole Swann ("Plaintiff"), through her undersigned counsel, hereby files this Complaint and sues Barclay Towers II Time Share Owners Association, Inc., a Virginia corporation, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181, et.seq., ("AMERICANS WITH DISABILITIES ACT" or "ADA") and alleges:

### JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §12181 et. seq. (hereinafter referred to as the "ADA").

2. This Court is vested with original jurisdiction under 28 U.S.C. §§1331 and 1343. Venue is proper in this Court pursuant to 28 U.S.C. §1391(B) and Local Rules of the United States District Court for the Eastern District of Virginia, Western Division.

3. Plaintiff, Nicole Swann (hereinafter referred to as "Swann") is a resident of the State of Virginia and is a qualified individual with a disability under the ADA. Swann suffers from what constitutes a "qualified disability" under the Americans With Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulationsto the extent that she requires a wheelchair for mobility and has limited use of her upper extremities. Prior to instituting the

instant action, Swann personally visited the Defendant's premises, **Barclay Towers Resort Hotel**, located at **809 Atlantic Avenue, Virginia Beach**, VA, (hereinafter referred to as the "Hotel"), and was denied full, safe and equal access to the Defendant's premises due to the barriers to access which exist and the Defendant's lack of compliance with the ADA. Swann intends to and continues to desire to visit the Defendant's premises but continues to be denied full, safe and equal access due to the barriers to access and violations which continue to exist.

4. The Defendant, Barclay Towers II Time Share Owners Association, Inc., a Virginia corporation, (hereinafter referred to as "Barclay Towers") is authorized to conduct and is conducting business in the State of Virginia. Upon information and belief, Barclay Towers is the owner, lessee, and/or operator of the Hotel.

5. All events giving rise to this lawsuit occurred in the Eastern District of Virginia in Virginia Beach.

## COUNT I - VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

6. On or about July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12101 et. seq. Commercial enterprises were provided one-and-a-half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508(A).

7. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the establishment owned and/or operated by Barclay Towers is a place of public accommodation in that it is a Hotel, which provides goods and services to the public.

8. Defendant, Barclay Towers has discriminated, and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the HOTEL in derogation of 42 U.S.C. § 12101 et. seq.

9. The Plaintiff has been unable to and continues to be unable to enjoy access to, and the benefits of the services offered at the Hotel. Prior to the filing of this lawsuit, the Plaintiff visited the Defendant's premises and was denied access to the benefits, accommodations and services of the Defendant's place of public accommodation and therefore suffered an injury in fact. In addition, the Plaintiff continues to desire and intends to visit the Hotel, but continues to be injured in that she is unable to and continues to be discriminated against due to the architectural barriers which remain at the Hotel in violation of the ADA. Swann has now and continues to have reasonable grounds for believing that she has been and will be discriminated against because of the Defendant's deliberate and knowing violations of the ADA.

10. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

11. Barclay Towersis in violation of 42 U.S.C. § 12181 et.seqand 28 C.F.R. § 36.302 et seq., and are discriminating against the Plaintiff as a result of inter alia, the Plaintiff personally encountered the following specific barriers to access:

i. Both the accessible parking spaces and access aisles are too narrow so the Plaintiff was unable to use the accessible parking provided without risk of being blocked from re-entering her vehicle in the event someone parked in the adjacent space;

ii. The Plaintiff was unable to access a guestroom because of numerous barriers to her use and access, including (and specifically with regard to guest room #224:

   a) The entrance/exit door to the guestroom is too narrow for a wheelchair user;
   b) The guestroom dining table is not accessible;
   c) The microwave, dishes, glasses and silverware are out of reach for a wheelchair user;
   d) There are no grab bars provided at the water closet in the guestroom's bathroom;
   e) The hardware on the guest room's lavatory requires tight grasping and/or twisting of the wrist to operate;

f) The pipes under the lavatory in the guest room are not insulated;

g) The water closet in the guestroom is too close to the side wall;

h) The hair dryer in the guestroom is out of reach range for a wheelchair user;

i) There is no roll-in shower provided in the guestroom;

j) There are no grab bars provided in the guest room's shower;

k) Upon information and belief, there are an insufficient number of accessible guest rooms and accessible guest rooms with roll-in showers;

12. There are other current violations of the ADA at the Hotel owned and/or operated by Barclay Towers which are not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, § 36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

13. To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

14. Pursuant to the ADA, 42 U.S.C. § 12101 et. seq., and 28 C.F.R. § 36.304, Barclay Towers was required to make the subject property, a place of public accommodation, accessible to persons with disabilities by January 28, 1992. To date, Barclay Towers has failed to comply with this mandate.

15. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have her reasonable attorney's fees, costs and expenses paid by Barclay Towers pursuant to 42 U.S.C. § 12205.

16. Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant Plaintiff's injunctive relief, including an order to alter the subject facility to make it readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facility until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against Barclay Towers and requests the following injunctive and declaratory relief:

A. That the Court declare that the property owned and administered by Barclay Towers is violative of the ADA;

B. That the Court enter an Order directing Barclay Towers to alter the subject facility to make it accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That the Court enter an Order directing Barclay Towers to evaluate and neutralize its policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow them to undertake and complete corrective procedures;

D. That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

E. That the Court award such other and further relief as it deems necessary, just and proper.

Dated: March 26, 2012

Respectfully submitted,

Jonathan H. Walker, Esquire
Virginia Bar No. 24300
Mason Mason Walker, et al.
11848 Rock Landing Dr, #201
Newport News, VA 23606
Telephone: (757) 873-3909
Facsimile: (757) 873-1781
jwalker@masonwalker.com
*Local Counsel*